UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MALLA POLLACK, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 10-cv-0866 (ABJ) |
| JAMES DUFF, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

# MEMORANDUM OPINION

Plaintiff Malla Pollack brought this action against a group of defendants,[1] including James Duff, the director of the Administrative Office of the United States Courts ("AO"), claiming that geographical restrictions on applicants for certain AO positions were unconstitutional and that she was denied consideration for the positions in violation of her constitutional right to travel. Defendants moved to dismiss for lack of subject matter jurisdiction based on sovereign immunity and failure to state a claim. Upon consideration of the motion, the opposition, and the entire record of the case, the Court will grant defendants' motion.

## BACKGROUND

Plaintiff is a resident of Paducah, Kentucky. Compl. ¶ 4. On April 24, 2009, she applied for job announcement "10-OFS-300783, Attorney-Advisor," which included an "area of consideration" that limited the applicant pool to individuals living in the Washington

---

1    In addition to Duff, plaintiff names as defendants Laura C. Minor, Assistant Director and Equal Employment Officer of AO and Cheri Thompson Reid, an AO Human Resources Officer. Each defendant is sued in his or her official capacity. *See* Compl. ¶¶ 8–9.

Metropolitan Area. *Id*. ¶¶ 12–13. Plaintiff received an automated message on January 25, 2010, that stated her "application does not reflect that you live or work within the announced area or [sic] consideration." *Id.* ¶ 13. Plaintiff contacted the phone number listed in the job announcement and explained to Ernest Spinoza, a Human Resources Specialist for the AO, that she believed the geographical limitation accompanying the job announcement violated her constitutional right to travel. *Id.* ¶ 15. Mr. Spinoza told plaintiff that geographical limitations were "standard practice" in hiring for AO jobs and that the only way for an applicant to challenge this practice was to contact Cheri Reid, the AO Human Resources Officer. *Id.* ¶ 16.

Plaintiff then sent defendant Reid a letter outlining her objections to the regional restrictions. *Id.* ¶ 17–18; Ex. 1. Plaintiff received a letter in response from Reid and a memorandum written by attorney Susan Kattan that outlined the AO's legal support for regional restrictions. *Id.* ¶¶ 19–21; Ex. 2 and 3. Plaintiff next submitted a written complaint to defendant Laura C. Minor, AO's equal employment opportunity officer, alleging that the AO engaged in unconstitutional employment discrimination. *Id.* ¶ 22–23; Ex. 4. Defendant Minor responded, stating that plaintiff's claim was not covered by AO's anti-discrimination policy because the policy prohibits discrimination based on race, color, religion, age, sex, national origin, political affiliation, marital status, or handicapping condition, but not one's place of residence. *Id.* ¶ 24; Defs.' Mem. at 7. *See* Compl. ¶ 25; Ex. 5. Plaintiff and defendants agree that the crux of this suit is defendants' refusal to consider candidates outside of the "area of consideration." Compl. ¶ 15.

**ANALYSIS**

I.   **Standard of Review**

In evaluating a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (citations omitted). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

A.   <u>Subject Matter Jurisdiction</u>

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibly Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court with limited jurisdiction, we begin, and end, with examination of our jurisdiction."). Because "subject-matter jurisdiction is an 'Art[icle] III as well as a statutory requirement, . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the

complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, a court "may consider such materials outside the pleadings as it deems appropriate to resolve the question of whether it has jurisdiction in the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1993); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

B. Failure to State a Claim

"To survive a [Rule 12(b)(6)] motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Id.* at 1950, quoting Fed. R. Civ. Pro. 8(a)(2). A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.* at 1949, quoting *Twombly*, 550 U.S. at 570, and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* In ruling upon a motion to dismiss, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and

matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citations omitted).

## II. The Court Lacks Jurisdiction under the Doctrine of Sovereign Immunity.

Under the doctrine of sovereign immunity, the United States is immune from suit unless Congress has expressly waived the defense of sovereign immunity by statute. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Such consent may not be implied; it must be "unequivocally expressed." *United States v. Nordic Vills., Inc.*, 503 U.S. 30, 33–34 (1992). A waiver of immunity is strictly construed in favor of the sovereign. *Orff v. United States*, 545 U.S. 596, 601−02 (2005). Plaintiff bears the burden of establishing that sovereign immunity has been abrogated. A plaintiff must overcome the defense of sovereign immunity in order to establish the jurisdiction necessary to survive a Rule 12(b)(1) motion to dismiss." *Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006), citing *Tri-State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003).

In this case, plaintiff has failed to identify any waiver of sovereign immunity that would permit the Court to assume jurisdiction over the dispute.[2] According to the complaint, plaintiff purports to bring her claims under 28 U.S.C. §§ 1331, 1332, 1343, and 2201. Compl. ¶ 2. But none of these statutes constitutes a waiver of sovereign immunity. *See Walton v. Fed. Bureau of Prisons*, 533 F. Supp. 2d 107, 114 (D.D.C. 2009) (determining that neither the federal jurisdiction statute, 28 U.S.C. § 1331, nor the Declaratory Judgment Act, 28 U.S.C. § 2201, waives the federal government's sovereign immunity); *Reading v. United States,* 506 F. Supp. 2d

---

2  Plaintiff's claims against individual defendants in their official capacities are treated as if they were brought by the United States directly. *See Gonzalez v. Holder*, 763 F. Supp. 2d 145, 148 (D.D.C. 2011).

13, 21 (D.D.C. 2007) (raising a question of diversity jurisdiction under section 1332 does not effect a waiver of sovereign immunity); *Zhu v. United States,* No. Civ. A. 04-1216, 2005 WL 1378914, at *3 (D.D.C. June 9, 2005) (finding that section 1334 grants jurisdiction to district courts for cases alleging civil rights claims but does not waive the federal government's sovereign immunity); *Byrd v. Smith*, 694 F. Supp. 1199, 1201 (D.D.C. 1986) (rejecting plaintiff's assertion that sections 1331 and 1334 constitute waivers of sovereign immunity).

Plaintiff insists that the fact that she is seeking to vindicate a constitutional right is enough to invoke the Court's jurisdiction, and she contends that "sovereign immunity does not bar suit when the named federal government agent has acted in violation of the Constitution." Pl.'s Opp. at 4. She predicates that argument on a line of cases that holds:

> [S]overeign immunity does not apply as a bar to suits alleging that an officer's actions were unconstitutional or beyond statutory authority, on the grounds that 'where the officer's powers are limited by statute, his actions beyond those limitations are considered individual and not sovereign action.'

*Swan v. Clinton,* 100 F.3d 973, 981 (D.C. Cir. 1996), quoting *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 689 (1949); *see also Dugan v. Rank*, 372 U.S. 609, 621–22 (1963). But the linchpin of this doctrine is not the fact that the plaintiff has alleged a constitutional violation – it is the fact that when the government employee took the challenged action, he was acting beyond his statutory powers, and thus acting as an individual and not as the sovereign.[3]

The Supreme Court explained in *Larson* that when "the officer's powers are limited by statute, [the officer's] actions beyond those limitations are considered individual and not

---

3    This exception to sovereign immunity also requires that the plaintiff "claim an invasion of his recognized legal rights. If he does not do so, the suit must fail even if he alleges that the agent acted beyond statutory authority and unconstitutionally." *Larson*, 337 U.S. at 693 (citations omitted).

6

sovereign actions . . . ." *Id*. at 689. Accordingly, the officer's individual acts – which are not acts of the sovereign – "may be made the object of specific relief." *Id*. A plaintiff alleging that an officer acted beyond its statutorily authorized powers must "set out in his [or her] complaint the statutory limitation on which he [or she] relies." *Id*. at 690. The Court held that "[t]he mere allegation that the officer, acting officially, [albeit] wrongfully . . . does not establish that the officer, in committing that wrong, is not exercising the powers delegated to him by the sovereign." *Id*. at 693.

Here, plaintiff's case does not fall within the doctrine because she has not demonstrated that defendants were acting outside their statutory authority when they established geographic restrictions for some job vacancies. The AO is governed by the Administrative Office of the United States Courts Personnel Act of 1990 ("CPA"), Pub. L. 101–474, 104 Stat. 1097 (1990), codified as a note to 28 U.S.C. § 602. The CPA provides that the Director of the AO shall establish a personnel management system that parallels the personnel system created under the Civil Services Reform Act ("CSRA"), *see* Pub. L. No. 95-454, which is the exclusive remedial scheme for federal employees to challenge personnel actions. 28 U.S.C. § 602 note, Act, § 3(a); *see also Grosdidier v. Chairman, Broad Bd. of Governors*, 560 F.3d 495, 496 (D.C. Cir. 2009). The CPA mandates that the AO's personnel system must "prohibit discrimination on the basis of race, color, religion, sex, national origin, political affiliation, marital status, or handicapping condition." Pub. L. 101–474, §3(a)(9). It further directs the AO to "promulgate regulations providing procedures for resolving complaints of discrimination by employees and applicants for employment." *Id*.

To comply with these congressional mandates, the AO established the Federal Employment Practices System ("FEPS"), an "administrative scheme setting forth the AO's

7

employment policies and providing procedures for the resolution of discrimination claims." *Hollingsworth v. Duff*, 444 F. Supp. 2d 61, 64 (D.D.C. 2006). FEPS provides the exclusive remedial scheme for AO employees and job applicants. *Id.* (finding that FEPS provided plaintiff's sole remedy for discrimination claim based on disability).[4] Under FEPS, only allegations of discrimination based on race, color, religion, sex, age, national origin, disability or denial of a reasonable accommodation or marital status may serve as the basis of a complaint. Compl. at Ex. 3.

Thus, defendants did not act outside their statutory authority in establishing "areas of consideration" that geographically limited the applicant pool for the open position. The limitation is not contrary to any statutory or regulatory requirement that governs how the AO should manage its personnel system, and it does not contravene the provision that expressly requires the AO to establish a system that prohibits discrimination on the other specified grounds. *See* Pub. L. 101–474, § 3(a)(9). Indeed, in a similar context, the Federal Circuit has determined that the Office of Personnel Management has the authority to limit a vacancy announcement by geographic region as long as "the area of consideration is sufficiently broad to ensure the availability of high quality candidates." *O'Brien v. Office of Personnel Management*, 118 Fed. App'x 484, 486 (Fed. Cir. 2004).

Plaintiff grounds her opposition on her contention that sovereign immunity simply does not apply to suits alleging constitutional violations, but since she has failed to identify any statutory limit on the AO's authority to circumscribe the pool of job applicants as it did, the exception to sovereign immunity that she invokes does not apply. And plaintiff has not

---

4   FEPS establishes a "multi-step administrative process for resolving discrimination claims, beginning with counseling, mediation, and an independent investigation, and generally culminating with a hearing and an administrative decision." *Hollingsworth*, 444 F. Supp. 2d at 65.

identified any other source of a waiver of sovereign immunity in her suit against the administrative office of the federal judiciary. Accordingly, plaintiff has failed to "overcome the defense of sovereign immunity in order to establish the jurisdiction necessary to survive a Rule 12(b)(1) motion to dismiss." *Jackson*, 448 F. Supp. 2d at 200. Plaintiff has similarly failed to plead sufficient factual matter that would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

## CONCLUSION

For the foregoing reasons, the Court grants defendants' motion to dismiss. An appropriate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: August 24, 2011